No. 17-0038 –    *State of West Virginia ex rel. HealthPort Technologies, LLC and Charleston Area Medical Center v. Honorable James C. Stucky, Judge of the Circuit Court of Kanawha County, West Virginia, and Basil Crookshanks, on behalf of himself and all others similarly situated*

**FILED**

**June 15, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, dissenting, joined by Justice Workman:

In its decision of this case, the majority determined that Mr. Crookshanks does not have *standing* to pursue his claim under the West Virginia Health Care Records Act, W. Va. Code § 16-29-1 *et seq.*  However, the issue of standing is not properly before the Court.  The circuit court mentioned standing in its order denying HealthPort's motion for summary judgment only tangentially, and HealthPort, itself, bases its entire petition for writ of prohibition upon its argument that Mr. Crookshanks' claim is not yet *ripe* for judicial consideration.  As such, the issue of standing was not the question presented for the Court's resolution in this case; rather, the matter to be addressed was one of ripeness.  Because the majority's decision of this case is both procedurally and legally wrong, I respectfully dissent.

### *Majority's Opinion is Procedurally Wrong*

Procedurally, while the circuit court mentioned the word standing in its order, HealthPort's argument before this Court, related to said order, is that the case is not *ripe* for consideration by the circuit court.  Standing and ripeness are two different things: *standing*

1

speaks to whether a particular person may bring a claim[1] while *ripeness* concerns whether a court may properly hear a claim.[2] HealthPort does *not* argue before this Court that Mr. Crookshanks does not have standing nor does HealthPort discuss the *Findley* standing elements in its brief. Rather, HealthPort's arguments focus on whether the subject claim is *ripe* for the Court's consideration. Thus, the majority's opinion focusing on standing is procedurally wrong because an appellate court is, in the main, constrained to consider and resolve only those matters properly raised by the parties' arguments–not those that the Court decides to entertain *sua sponte*. *See generally State v. White*, 228 W. Va. 530, 541 n.9, 722 S.E.2d 566, 577 n.9 (2011) ("Typically, this Court will not address issues that have not been properly briefed." (citations omitted)); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing . . ., are not considered on appeal." (citation omitted)); *State, Dep't of Health & Human Res. v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument' . . . does not preserve a claim. . . ." (internal quotations and citations omitted)).

---

[1]*See* Syl. pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002) (enumerating elements of "standing").

[2]*See National Park Hosp. Ass'n v. Department of Interior*, 538 U.S. 803, 807, 123 S. Ct. 2026, 2030, 155 L. Ed. 2d 1017 (2003) (explaining doctrine of "ripeness").

***Majority's Opinion is Legally Wrong***

Legally, the majority's opinion also is wrong. The opinion should have addressed HealthPort's arguments regarding ripeness. "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807, 123 S. Ct. 2026, 2030, 155 L. Ed. 2d 1017 (2003) (internal quotations and citations omitted). The test for ripeness has been explained as follows: "Determining whether . . . [an] action is ripe for judicial review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Id.* at 808, 123 S. Ct. at 2030, 155 L. Ed. 2d 1017 (citation omitted).

The claim asserted by Mr. Crookshanks arises under the West Virginia Health Care Records Act, which specifically provides for the enforcement of a violation of the Act: "The provisions of this article may be enforced by a patient, authorized agent or authorized representative, and any health care provider found to be in violation of this article shall pay any attorney fees and costs, including court costs incurred in the course of such enforcement." W. Va. Code § 16-29-1(d) (2014) (Repl. Vol. 2016). Mr. Crookshanks, a patient seeking his own medical records, is a proper person to bring this claim, and it is ripe for consideration by the circuit court because all of the elements giving rise to the cause of action have occurred: "[a] person requesting records from a provider shall place the request

3

in writing and pay a reasonable, cost-based fee, at the time of delivery." W. Va. Code § 16-29-2(a) (2014) (Repl. Vol. 2016). In other words, Mr. Crookshanks' medical records have been requested, delivered per the request, and a fee was charged and paid for said medical records. Moreover, if the court withholds consideration of the claim asserted, particularly until resolution of the underlying medical malpractice action, it is likely that the statute of limitations could bar Mr. Crookshanks' claim under the Act or, if such claim is stayed, that he will incur the financial burden associated with paying sums that were not properly charged in the first instance.

Furthermore, assuming *arguendo* that the majority's opinion properly considered and resolved the question of standing, the opinion still is legally wrong.

> Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

Syl. pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002). Mr. Crookshanks clearly has standing to pursue a claim under the West Virginia Health Care Records Act because "a patient" is among the enumerated persons who may bring a claim under the Act. *See* W. Va. Code § 16-29-1(d). Additionally, the provision of the Act sought to be enforced in this case requires a request for medical records, the delivery of such

4

records, and payment therefor.  *See* W. Va. Code § 16-29-2(a).  This provision does not specify or require that the patient be the actual person paying for such records; however, even if it did, payment was made on behalf of Mr. Crookshanks for his medical records, and HealthPort allegedly charged an excessive fee for such records.  It is of no concern to HealthPort who actually paid for Mr. Crookshanks' medical records so long as payment was made therefor.  Finally, a favorable decision of the court will redress the injury: the alleged overpayment for Mr. Crookshanks' medical records will be cured without further injury to Mr. Crookshanks if the court decides in his favor at the present time.

Accordingly, for the foregoing reasons, I respectfully dissent.  I am authorized to state that Justice Workman joins me in this separate opinion.

5